FILED
FEB 29 2008

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 07-40055-06 |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER ON MOTIONS |
| JOHN STANFORD, | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**Defendant's Motion for Disclosure of Confidential Informants, Doc. 368:**

Defendant seeks for the government to disclose the identity of all informants, reporting persons or witnesses involved in this case and disclose any rewards or inducements given to them in return for their information and testimony. The United States objected to the request.

Before a defendant may obtain the identity of a confidential informant, the defendant must demonstrate that such disclosure is "vital to a fair trial." United States v. Curtis, 965 F.2d 610, 614 (8th Cir. 1992). Such a showing must be sufficient to demonstrate that the need for disclosure outweighs the government's privilege to withhold the identity of its confidential informants. United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). The defendant has failed to make a sufficient showing to overcome the government's privilege to withhold the identity of its confidential informants.

Because the defendant has failed to carry its burden of proof, Defendant's request for the government to disclose the identity and criminal records of confidential informants is GRANTED, IN PART, only as it pertains to witnesses who will testify at trial. Pursuant to Brady v. Maryland, 373, U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and to the extent that exculpatory information would include the identity of a confidential informant, the information shall

be produced by the government two weeks before trial. If a confidential informant does not have exculpatory information but will testify at trial, the identity of the confidential informant will be disclosed the morning of trial. If a confidential informant has no exculpatory information and will not testify at trial, then the identity of a confidential informant is not required to be disclosed. The balance of Defendant's motion is denied.

### Defendant's Motion for Bill of Particulars, Doc. 369

In this criminal case, Defendant is charged in the Second Superseding Indictment with numerous other defendants with conspiracy to distribute and possess with the intent to distribute 50 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). That rule states:

**Rule 7. The Indictment and the Information**

**(f) Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Defendant requests the bill of particulars contain the following information: (1) the specific acts that this defendant committed which link him to each alleged co-conspirator; and (2) for each act state the time, date, and witnesses thereto. Defendant asserts, despite having been provided with voluminous discovery, he does not know and had no interaction with many of the co-defendants alleged to be participants in this drug conspiracy and is thus unable to prepare his defense.

Count I of the Second Superseding Indictment alleges:

From on or about late 2005 to the date of this Indictment, in the District of South Dakota and elsewhere, Quadiri Ayodele, a/k/a "Black," a/k/a "Tokes," a/k/a "Skits"; Olimedji Ayodele, a/k/a Oladimeji Ayodele, a/k/a "O," a/k/a "Ola"; Dominique Riggins, a/k/a "G"; Joel Taylor, a/k/a "Fat Boy," a/k/a "Big Boy"; John Stanford; Quentin Booker, a/k/a "Q"; Herman Motley, a/k/a "Blade"; Michelle Lewis; Frank Baker; Crishawn Bonwell; Eugene Garcia, a/k/a "P," a/k/a "Nip"; Branyon Dale Pippenger, a/k/a "Bam Bam"; Lori Sampson; Stacie Lynn Schroder; Matthew Bernard Weldon; Arlene Tiffany Weldon, a/k/a "Tiffany," a/k/a "T-Baby"; Susan

Ann Hansen; Kayce Lee Lessman; Joshua Lloyd Matlock, a/k/a "J-Rock," a/k/a "J-Rod," a/k/a "J"; Angie Graham; Craig Lewis; and Jerry George, did knowingly and intentionally combine, conspire, confederate, and agree together, with others known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute, 50 grams or more of a mixture and substance containing cocaine base (commonly referred to as crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided, and the court should grant the motion if necessary to prevent unfair surprise at trial. United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986). See also, United States v. Butler, 822 F.2d 1191, 1193-94 (D.C.Cir.1987). The court must strike a "prudent balance" between the legitimate interest of the government and the defendant. United States v. MacFarlane, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence. United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990). A bill of particulars properly includes clarification of the indictment, not the government's proof of its case. United States v. Smith, 341 F.Supp. 687, 690 (N.D.Ga.1972).

Likewise, acquisition of evidentiary detail in the form of the exact times of the acts alleged in the indictment for purposes of establishing an alibi is not the function of a bill of particulars. United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971). Defendant moves the court for a bill of particulars to provide several specific items of information regarding the charge contained in the Second Superseding Indictment. He seeks specific dates and times of the acts he allegedly committed in furtherance of the conspiracy and the identity of the persons with whom he committed the acts. The "whens wheres and with whoms of acts and participation in the charged conspiracy" is not properly the function of a bill of particulars. United States v. Jiminez, 824 F.Supp. 351, 365 (S.D.N.Y. 1993).

Unlike the general federal conspiracy statute, see 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846; see United States v. Covos, 872 F.2d 805, 810 (8th Cir. 1988); United States v. Dempsey, 806 F.2d 766, 769 (7th Cir.1986); United States v. Sweeney, 688 F.2d 1131, 1140 (7th Cir.1982). In fact, the Supreme Court has held that proof of "the commission of any overt acts in furtherance of the conspiracy" is not even required for a *conviction* under 21 U.S.C. § 846. United States v. Shabani, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225

(1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." United States v. Sweeney, 688 F.2d at 1140. The Second Superseding Indictment in this case meets these standards.

The Second Superseding Indictment does not specially allege or quantify the exact amount of controlled substances the government attributes to the Defendant's own actions, the actions of those he aided and abetted, and the reasonably foreseeable actions of others. The information set forth in the Second Superseding Indictment, along with the extensive discovery provided to date, are however, sufficient for the preparation of a defense. See United States v. Stephenson, 924 F.2d 753, 762 (8th Cir.). Because the United States has represented to the Court that it has supplied extensive discovery and because the Second Superseding Indictment in this case provides the Defendant with the essence of the charges against him, the Defendant has not shown that a bill of particulars is necessary to prevent unfair surprise at trial. Accordingly, IT IS ORDERED that Defendant's Motion for Bill of Particulars is DENIED.

### Defendant's Request Pursuant to 404(b), Doc. 373

Defendant has moved the court for an order compelling the United States to disclose other bad acts testimony which it intends to offer under Federal Rule of Evidence 404(b). The United States has agreed to comply, as it must, with Rule 404(b). It is hereby

ORDERED the Defendant's Motions for Disclosure of Other Acts are granted, in part, and the United States shall provide reasonable notice of its 404(b) evidence no later than two weeks prior to trial. The balance of Defendant's motions are DENIED as to items 1-5 identified in the motion. United States v. Rusin, 889 F.Supp. 1035, 1036 (N.D.Ill. 1995). (Government's notice of its intent to use other crimes evidence was not required to include dates, places and persons involved in specific acts, documents pertaining to acts, and statements of issues to which government believed such evidence was relevant.); United States v. Jackson, 850 F.Supp 1481, 1493 (D.Kan. 1994). (Notice of intent to use prior bad acts evidence need not provide precise details regarding date, time, and place of prior bad acts, but it must characterize prior conduct to degree that fairly apprises defendant of its general nature.)

### Motion for Severance/Relief from Prejudicial Joinder, Doc. 382

Defendant has moved the Court for a severance from his co-defendants. Defendant is charged in the Second Superseding Indictment along with numerous other defendants with

conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant moves for severance from his co-defendants pursuant to Fed. R. Crim. P. 14. That rule states:

### Rule 14. Relief from Prejudicial Joinder

**(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

**(b) Defendant's Statements.** Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

Defendant asserts a joint trial will prejudice his substantial right to a fair trial in the following ways: (1) he may be denied access to co-defendant exculpatory testimony; (2) the jury may find Defendant guilty by association; (3) potential Bruton problems should be addressed and a severance granted to avoid them. See Bruton v. United States, 88 S.Ct. 1620 (1967); and (4) the jury will not be able to compartmentalize the evidence as it relates to separate defendants.

Fed. R. Crim. P. 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses." "In ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. To grant a motion for severance, the necessary prejudice must be severe or compelling. This is because a joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome." United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) cert. den. 124 S.Ct. 420, 157 L.Ed.2d 300 (2003).

"Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Kime, 99 F.3d 879, 880 (8th Cir. 1996) cert. den. 519 U.S. 1141, 117 S.Ct. 1015, 136 L.Ed.2d 897 (1997).

The first basis for Defendant's motion is his contention that if his trial is severed from his codefendants, a possibility exists that one or more of his codefendants may provide exculpatory testimony for him in a separate trial, while they will probably exercise their Fifth Amendment rights and remain silent during a joint trial. None of the codefendants, however, have expressed a

willingness or intent on the record to offer such exculpatory testimony. "A defendant is not entitled to severance on the weight of an unsupported possibility that a codefendant's testimony might be forthcoming at a separate trial. A defendant's assertion that his codefendant might testify at a separate trial must find some independent support in the record." United States v. Graham, 548 F.2d 1302, 1311 (8th Cir. 1977) (citations omitted). See also United States v. Caspers, 736 F.2d 1246, 1248 (8th Cir. 1984) (attorney's assertion that exculpatory testimony would be forthcoming not enough–affidavit from codefendant was absent); United States v. Easom, 569 F.2d 457, 458 (8th Cir. 1978) (defendant not entitled to severance based on "unsupported possibility" that codefendant's testimony might be forthcoming at a separate trial).

Next, Defendant cites the potential for Bruton problems should his case be tried together with his codefendants. In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the United States Supreme Court held that the confrontation clause is violated if a non-testifying codefendant's confession, naming a defendant, is admitted into evidence with only a limiting instruction to the jury that it could only be considered as evidence against the non-testifying codefendant. Subsequent case law, however, has allowed admission of a non-testifying codefendant's confession which has been redacted to eliminate any reference to the defendant's existence (Richardson v. Marsh, 481 U.S. 200, 208-09, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), and to a confession which has removed specific references to the defendant (United States v. Karam, 37 F.3d 1280 (8th Cir. 1994) cert. den. 513 U.S. 1156, 115 S.Ct. 1113, 130 L.Ed.2d 1077 (1995); United States v. Edwards, 159 F.3d 1117 (8th Cir. 1998) cert. den. 528 U.S. 825, 120 S.Ct. 310, 145 L.Ed.2d 64 (1999)). Defendant has offered nothing but pure speculation that any of his codefendants have given confessions which inculpate him. Even if they have, the above-cited case law demonstrates many ways the Courts have devised, in the years since Bruton, to avoid the problem which occurred in that case.

Finally, Defendant asserts his trial should be severed because the jury will be unable to compartmentalize the evidence against him from the evidence against his codefendants and he may be found guilty by association. In United States v. Kime 99 F.3d 879, 880 (8th Cir. 1996) cert. den. 519 U.S. 1141, 117 S.Ct. 1015, 136 L.Ed.2d 897 (1997), the defendant argued he was "unfairly tarred" by the spillover effect from the "vast majority" of evidence which was admissible only against his codefendant. The Eighth Circuit held that severance was not warranted. "To justify severance, the defendant must show more than the mere fact that his or her chances for acquittal

would have been better had he been tried separately . . . Mere disparity of evidence against codefendants or the alleged prejudicial spillover effect of evidence against a codefendent are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant." Id. at 880. Factors bearing on whether the jury will be able to compartmentalize the evidence are the length and expected complexity of the trial. Id. In this case, the alleged conspiracy was relatively short (from late 2005 to October 2007), and the Second Superseding Indictment contains a single charge—conspiracy to distribute 50 grams or more of a mixture and substance containing cocaine base. "Any risk of prejudice [may be] reduced by the district court's instructions, which [should direct] the jury to consider each offense and its supporting evidence separately, and to analyze the evidence with respect to each individual without considering evidence admitted solely against other defendants." United States v. Mathison, 157 F.3d 541, 546 (8th Cir. 1998) (citations omitted) cert. den. 525 U.S. 1165, 119 S.Ct. 1081, 143 L.Ed.2d 83 (1999). See also United States v. Moore, 149 F.3d 773, 778 (8th Cir. 1998) cert. den. 525 U.S. 1030, 119 S.Ct. 570, 142 L.Ed.2d 475 (1998) (risk that jurors would not be able to compartmentalize evidence against various defendants was minimized by court's ongoing limiting instructions); United States v. Flores, 2004 WL 691179 (8th Cir. Iowa) (no requirement in a joint trial that the quantum evidence of each defendant's culpability be equal; district court properly instructed jury and no evidence jury was unable to compartmentalize evidence against each defendant). Defendant has not shown that the alleged disparity of evidence between himself and the other defendants will prevent him from receiving a fair trial in this matter. There is a single count in the Second Superseding Indictment, and Defendant is free to request appropriate limiting instructions from Judge Piersol.

Accordingly, IT IS ORDERED that Defendant's Motion for Severance is DENIED.

### Government's Request for Disclosure, Doc. 757

The Government's Request for Disclosure seeks discovery pursuant to Rule 16(b) and Rule 26.2 of the Federal Rules of Criminal Procedure. The parties are required to comply with the various rules, statutes and holdings of case law. Accordingly, the Government's Request for Disclosure is DENIED AS MOOT, subject to leave to reopen if discovery becomes disputed.

### Motion for Rule 801(d)(2)(E) Hearing, Doc. 372
### Motion in Limine re: Criminal Record, Doc. 374

Defense counsel has filed motions that are more properly considered as motions in limine at a later date by the trial court or addressed by the presiding judge. Accordingly, it is hereby

ORDERED that Defendant's Motion for Rule 801(d)(2)(E) Hearing and Motion in Limine re: Criminal Record are deferred to the District Court for ruling.

## CONCLUSION

As further discussed above, it is hereby

ORDERED that:

1. Defendant's Motion for Disclosure of Confidential Informants (Doc. 368) is GRANTED IN PART AND DENIED IN PART.
2. Defendant's Motion for Bill of Particulars (Doc. 369) is DENIED.
3. Defendant's Request Pursuant to 404(b) (Doc. 373) is GRANTED IN PART AND DENIED IN PART.
4. Defendant's Motion for Relief from Prejudicial Joinder/Severance (Doc. 382) is DENIED.
5. The Government's Request for Disclosure (Doc. 757) is DENIED AS MOOT.
6. Defendant's Motion for Rule 801(d)(2)(E) Hearing (Doc. 372), and Defendant's Motion in Limine re: Criminal Record (Doc. 374) are deferred to the District Court for ruling.
7. The motions remaining for hearing on Thursday, March 6, 2008, at 9:00 a.m. as regards Defendant John Stanford are: Defendant's Motion for Discovery (Doc. 367), Defendant's Motion to Dismiss (Doc. 370), Defendant's Motion to Suppress (Doc. 371), Defendant's Motion to Dismiss re: Speedy Trial Act Violations (Doc. 703) and Defendant's Motion for Release (Doc. 705).

Dated this 29 day of February, 2008.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By_____, Deputy

(SEAL)